UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

LETICIA WOODS, Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

v.

CREDENCE RESOURCE MANAGEMENT, LLC,

        Defendant.

Case No.: 17-cv-1368

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Leticia Woods is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her debts allegedly incurred for personal, family, or household purposes.

5. Defendant Credence Resource Management, LLC ("Credence") is a debt collection agency with its principal offices located at 17000 Dallas Parkway, Suite 204, Dallas, TX 75248.

6. Credence is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Credence is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes. Credence is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about March 1, 2017, AT&T mailed a letter to Plaintiff regarding an alleged debt owed to AT&T. A copy of this letter is attached to this complaint as Exhibit A

9. Exhibit A indicated that the balance due on Plaintiff's account was $212.96.

10. Exhibit A specifies the account number associated with the alleged debt with the last four numbers of 8119.

11. On or about April 19, 2017, Credence mailed a debt collection letter to Plaintiff regarding the alleged debt owed to "AT&T Uverse" (AT&T). A copy of this letter is attached to this complaint as Exhibit B.

12. The debt referenced in Exhibit A and Exhibit B was incurred for personal, family, or household purposes with an agreement to defer payment.

13. Upon information and belief, Exhibit B is a form letters, generated by computer, and with the information specific to Plaintiff inserted by computer.

14. Upon information and belief, Exhibit B is a form debt collection letter used by Credence to attempt to collect alleged debts.

15. Exhibit B was the first letter that Credence sent to Plaintiff with respect to Plaintiff's alleged AT&T debt.

16. Exhibit B lists an account balance of $201.15.

2

17. Despite the difference in balances, Exhibit B lists the same account number, ending with the last four numbers 8119, as listed by Exhibit A.

18. Plaintiff did not make any payment to Credence, AT&T, or anyone else, in the time period between receiving Exhibit A and Exhibit B.

19. Exhibits B thus misrepresents the actual amount of the debt.

20. Such misrepresentations are material because they mislead the unsophisticated consumer about the amount and character of the debt. 15 U.S.C. § 1692e(2)(a).

21. Looking at the letters together, the unsophisticated consumer would be confused as to whether the total balance of her AT&T account was $212.96 or $201.15.

22. Moreover, the varying amounts may reflect an incorrect belief on Credence's or the creditor's part that Plaintiff made a payment. Under Wisconsin law, a payment restarts the statute of limitations. *Liberty Credit Servs. v. Quinn*, 276 Wis. 2d 826, 688 N.W.2d 768 (Ct. App. 2004) ("A partial payment on the contractual obligation made before the statute of limitations has run tolls the statute and sets it running from the date of payment.").

23. The Seventh Circuit has held that a debt collector must state the amount of the debt without "obscur[ing] it by adding confusing other information (or misinformation)." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 2000 U.S. App. LEXIS 12178 (7th Cir. Ill. 2000); *Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000); *Bartlett v. Heibl,* 128 F.3d 497, 500 (7th Cir. 1997).

24. Plaintiff was confused by Exhibit A and Exhibit B.

25. Plaintiff had to spend time and money investigating Exhibit A and Exhibit B and the consequences of any potential responses to Exhibit A and Exhibit B.

26. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of Exhibit A and Exhibit B.

27. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

28. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

29. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

31. 15 U.S.C. § 1692g states:

a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

## **COUNT I – FDCPA**

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. Credence's letter is misleading and confusing to the unsophisticated consumer in that the balances stated for the same account is different from that listed by a recent letter from the creditor, despite no payment being made.

34. The unsophisticated consumer would have no idea what the actual balance was, or whether Credence or the creditor was attempting to toll and restart the statute of limitations with a sham record of a payment by Plaintiff.

35. Credence misrepresented the amount of the debt, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692g(a)(1).

5

36. Credence's letter is confusing to the unsophisticated consumer, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(a) and 1692g(a)(1).

## CLASS ALLEGATIONS

37. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent initial collection letters in the form represented by <u>Exhibits B</u>, (c) which listed incorrect account balances, (d) between October 9, 2016 and October 9, 2017, inclusive, (g) that was not returned by the postal service.

38. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

39. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692g(a)(1).

40. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

42. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

43. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 9, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com